**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, <br> Plaintiffs, <br><br> v. <br><br> EAGLE AMERICA CORPORATION. <br><br> Defendant. | No. 07 C 06576 <br><br> Judge Hibbler |

## PLAINTIFFS' MOTION FOR DAMAGES

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), request that the Court enter an amount of damages against Eagle America Corporation (hereinafter "Eagle America"), in the total amount of $60,864.13. In support of this motion, plaintiffs state:

1. On or about November 20, 2007, Plaintiffs filed a lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Laborers' Funds for the periods of July 1, 2007 - February 29, 2008 and June 1 2004 - June 30, 2007.

2. Defendant Eagle America produced books and records to the Funds' auditors at the firm of Bansley & Kiener, for the periods covering July 1, 2007 - February 29, 2008 and June 1 2004 - June 30, 2007. As set forth in the first Affidavit of Joseph Gilleran, Tab 1 to Plaintiffs' Motion for

1

Summary Judgment, principal contributions are owed to the Funds for the period of June 1, 2006 - June 30, 2007 in the amount of $7,544.57 (judgment has already been entered for amounts owed for this audit). Also set forth in that affidavit, principal contributions are owed to the Funds for the period of June 1, 2007 - February 29, 2008 in the amount of $27,463.00.

3. On or about December 1, 2008, the Court entered summary judgment against the Defendant with regard to both audits. The Court awarded Plaintiffs' $11,120.59 plus interest for the June 2004 audit, but ordered the parties to address the issue of damages for the period of July 1, 2007 - February 29, 2008. Since the Court granted summary judgment for the Plaintiffs, the only question for the Court to decide regarding damages for the July 1, 2007 - February 29, 2008 audit was whether it should award the amounts owed as determined by the Funds' auditors, or the amounts that Eagle America admitted it did not report and pay pursuant to it's own internal audit. For the July 1, 2007 audit, the Funds' auditors determined that Eagle America did not report 1,809.50 hours. According to Eagle America's internal audit for the same time period, it did not report 1,142.22 hours. (See Defendant's Exhibit 7 of its Response to Plaintiff's Motion for Summary Judgment; see also Tab G to Plaintiffs' Motion for Summary Judgment).

4. After summary judgment was entered by the Court, in an effort to resolve this matter without further briefing, the Funds agreed to use the Company's internal audit numbers and to revise its audit to reflect 1,142.23 hours owed for the period of July 1, 2007 - February 29, 2008. The Funds' counsel proposed an agreed judgment order to Defendant's counsel, but Defendant's counsel has not been able to get in touch with his client.

5. Based on the revised hours for the July 1, 2007 audit, reflecting 1,142.23 unreported

and unpaid hours per the Company's internal audit, the Company now owes $17,169.58 in principal contributions for that time period. A new affidavit of Joseph Gilleran, signed on January 7, 2010, is attached hereto as Exhibit A.

6.  Liquidated damages and interest for both audits are due as established by Mr. Gilleran's January 7, 2010 affidavit. (Exhibit A). For the period of June 1, 2004 through June 30, 2007, liquidated damages are owed in the amount of $1,196.93, and interest is owed in the amount of $1,242.38 through December 17, 2009. For the revised audit period of July 1, 2008 through February 29, 2009, liquidated damages are owed in the amount of $3,301.23, accumulated penalties are owed in the amount of $6,791.47, and interest is owed in the amount of $1,786.62 through December 18, 2009. Audit costs for the June 1, 2004 - June 30, 2007 audit are $1,527.50, and audit costs for the July 1, 2007 - February 29, 2008 audit are $1,921.35.

7.  Pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions. The parties' collective bargaining agreement requires that the employer pay all fees for which the Trustees become legally bound to pay "including damages, interest, audit costs, filing fees and any other expenses incurred." Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel, in the total amount of $18,382.50 in attorney's fees (see, Affidavit of Karen I. Engelhardt, attached hereto as Exhibit B). Costs are owed in the amount of $350.00, consisting of filing fees. (Exhibit B).

Wherefore, plaintiffs drafted a proposed judgment order for a total judgment against Eagle America Corporation in the amount of $60,864.13, and an order requiring the Company to obtain a surety bond.

Respectfully submitted,

                                                            /s/ Angie M. Cowan
                                                            One of plaintiffs' attorneys

Wesley G. Kennedy
Karen I. Engelhardt
Angie M. Cowan
Josiah A. Groff

**Allison, Slutsky & Kennedy, P.C.,**
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400                                              January 8, 2010